Affirmed and Memorandum Opinion filed February 23, 2006









Affirmed
and Memorandum Opinion filed February 23, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00150-CR

____________

 

JESUS ALEJANDRO
VASQUEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 968,206

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Jesus Alejandro Vasquez, was
indicted for the felony offense of possession of cocaine weighing at least 400
grams with intent to deliver.  A jury
found him guilty and assessed his punishment at 70 years= imprisonment and
a $100,000 fine.  In six points of error,
all raising legal and factual sufficiency claims, appellant appeals his
conviction.  We affirm.  

Factual and Procedural Background

According to police testimony, on November
13, 2003, appellant, Jesus Alejandro Vasquez, arrived in Houston on a bus from
Phoenix, Arizona.  After exiting the bus,
he crossed the street and entered a cab. 
Police officers, Officers Eller and Siens, noticed appellant because he
continuously looked over his shoulder as if to see if someone were following
him.  He also had no luggage, except for
a laptop and black backpack, which he was carrying at all times.  Appellant entered the cab with another
individual, Mr. Sanchez, and Officers Eller and Siens then approached the
cab.  Officer Eller approached the
driver, identified himself as a police officer, and asked if he could speak
with the passengers.  Officer Siens
positioned himself at the rear of the cab to observe the two occupants.  Upon hearing that there was a police officer
present, appellant opened the cab door and placed the backpack under the cab. 

Officer Eller began talking with Mr.
Sanchez while Officer Siens, who saw appellant hide the backpack, approached
appellant.  Officer Siens asked appellant
if he could examine the backpack; appellant said he did not care because the
backpack was not his.  Another officer,
Officer Simerly, arrived and searched the backpack.  Police recovered over 800 grams of cocaine
valued at approximately $100,000, and 15 ounces of marijuana from the
backpack.  Appellant=s fingerprint was
on the bag of marijuana; police recovered no usable prints from the package of
cocaine.








While talking to appellant, Officer Siens
asked several questions relating to appellant=s trip to Phoenix
and asked to see appellant=s bus ticket.  Appellant traveled to Phoenix under one
assumed name, and back to Houston under a different assumed name.  Appellant falsely told Officer Siens the
second assumed name was his correct name. 
He also gave Officer Siens conflicting stories for why he had made a
trip to Phoenix and then returned quickly to Houston.  That story conflicted with the version
appellant gave in his trial testimony. 
Based upon their experience in narcotic interdiction and the evidence
seized, the officers arrested appellant and filed charges of possession with
intent to deliver.  While arrested,
appellant attempted to escape from jail, but was unsuccessful.

The police and appellant gave, in
appellant=s attorney=s words, Atwo totally
different stories.@ 
Although similar in some respects, appellant=s version of
events was markedly different.  According
to appellant, he was not carrying the backpack, Mr. Sanchez was.  The backpack belonged to his friend, the
other passenger in the cab.  The two had
gone to Phoenix at his friend=s request.  Appellant had no luggage because his clothes
were in his friend=s backpackCthe one police
testified appellant had carried. 
Appellant had reached into the backpack to get his clothes and thus,
although appellant had no idea there were drugs in that backpack, his
fingerprint was on the marijuana bag. 
Appellant also testified that only Officer Siens approached the car and
other officers arrived much later. 
Further, appellant=s friend tried to hide the backpack.  As for trying to escape, appellant suffered a
panic attack and was not attempting an escape from the jail.  

After hearing these competing stories, the
jury returned a verdict of guilty.  On
appeal, appellant claims the evidence was legally and factually insufficient to
support that verdict.  We affirm.

Analysis

I.        Legal
Sufficiency








Appellant argues the evidence is legally insufficient in
three ways: (1) to affirmatively link him to the narcotics; (2) to establish
his knowledge of the unlawful nature of the narcotics; and (3) to show that he
was aware of the nature of the substance, and to show his control over the
narcotics for a sufficient period of time for him to terminate control over the
narcotics.  Essentially, appellant argues
the State failed the Aaffirmative links@ test as espoused in Brown v.
State.  911 S.W.2d 744, 747 (Tex.
Crim. App. 1995) (explaining that Aaffirmative link@ is merely shorthand for what must be
proven in a prosecution for possession of illegal drugs, such as awareness and
control).  In a legal-sufficiency
challenge, we employ the familiar standard of viewing the evidence in the light
most favorable to the verdict.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt, we will
affirm.  Id.   We will not re-weigh the evidence and
substitute our judgment for that of the jury. 
Id.








Because appellant=s claims really
revolve around the elements the State must prove in any case of possession, we
evaluate his legal sufficiency claims together so as to explain that the State
proved appellant (1) exercised actual care, control, or custody of the
substance; and (2) knew the substance was contraband.  See Brown, 911 S.W.2d at 747.[1]  When an accused does not exercise exclusive
control over the place where the contraband is found, the State must provide
evidence to affirmatively link an accused to the contraband.  Reed v. State, 158 S.W.3d 44, 47 (Tex.
App.CHouston [14th
Dist.] 2005, pet. ref=d). 
Those links may be established by additional facts and circumstances
raising a reasonable inference of the accused=s knowledge and
control.  Id.  When determining if the State established
affirmative links, we examine factors such as the following: (1) the contraband
was in plain view; (2) the contraband was accessible to the accused; (3) the
accused was the owner of the place where the contraband was found; (4) the
accused was the driver of the automobile in which the contraband was found; (5)
the contraband was found on the same side of the vehicle seat as the accused
was sitting; (6) the contraband was found in an enclosed place; (7) the odor of
drugs was present; (8) paraphernalia to use the contraband was in view of or
found on the accused; (9) conduct by the accused indicated a consciousness of
guilt; (10) the accused had a special connection to the contraband; (11)
occupants of the vehicle gave conflicting statements about relevant matters;
(12) the accused appeared to be under the influence of drugs; and (13)
affirmative statements connected the accused to the contraband.  Id. n.1 (citation omitted).  Our review is more concerned with the
significance of the factors than the number of additional factors. See id.  However, the affirmative linksCthe additional
facts and circumstancesCneed not rule out every other reasonable
hypothesis of innocence.  See id.  Given the evidence and the factors we
consider, the evidence was legally sufficient to sustain appellant=s conviction.

In this case, appellant exited a bus
carrying the contraband.  He exhibited
behavior that seasoned narcotics officers testified was typical of a
courier.  Appellant entered a cab and,
once he knew police were honing in on him, attempted to discard the
contraband.  His fingerprint was on at
least one package of the drugs.  He
traveled to Phoenix under one assumed name, and returned almost immediately
under another assumed name.  Appellant=s reasons for
traveling to Phoenix were contradictory and he had no luggage.  Officers testified that this behavior and
method of travel was in line with a drug courier.  Also, the jury could have determined that
attempting to abandon the backpack and denying ownership evidenced guilt and
knowledge.  Once in custody, appellant
attempted to escapeCevidencing guilt and knowledge.  Given that appellant fit the profile for a
courier, lied to police regarding his true identity, maintained possession and
control over the narcotics when exiting the bus and entering the cab, attempted
to abandon the narcotics when confronted by police, and then attempted to
escape prison, we have no difficulty concluding the evidence was legally sufficient.

II.       Factual
Sufficiency








Appellant also raises the issue of factual sufficiency.  When conducting a factual sufficiency review,
we view the evidence in a neutral light and will set the verdict aside only if
the evidence is so weak as to make the verdict clearly wrong and manifestly
unjust, or if the contrary evidence is so strong that the standard of proof,
beyond a reasonable doubt, could not have been met.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004), cert. denied, 125 S. Ct. 1697 (2005).  While we have reviewed the entire record and
have considered all evidence presented at trial, we cannot re-weigh the
evidence and supplant the role of the jury to resolve conflicts in testimony
and evaluate witness credibility.  See
Zuniga v. State, 144 S.W.3d 477, 482 (Tex. Crim. App. 2004) (stating that
appellate courts are not to Afind@ facts or substitute their judgment for that of the
jury).  The evidence is factually
sufficient as well.  

The only evidence at trial contrary to the verdict was
appellant=s own testimony.  He contradicted virtually every aspect of
the officers= testimony.  Simply offering an alternate version of
events, however, is not enough to create evidence so strong that the standard
of proof could not be met, or render the State=s evidence so weak
to make the verdict clearly wrong and manifestly unjust.  The jury weighs the evidence and
credibility.  When faced with testimony
from experts and officers contrasted with appellant=s version of
events, the jury was justified in finding appellant guilty.  As outlined above, the evidence established
appellant was in control of the contraband, he had handled at least some of the
contraband, and acted in a way conforming with that of a drug courier.  The jury had evidence showing appellant=s knowledge and
control.  Given the state of the evidence
and the jury=s role of resolving conflicts in
testimony, we cannot say the evidence was factually insufficient.  

Conclusion

Having overruled each of appellant=s points of error,
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 23, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant has
not challenged whether or not he had the intent to deliver.  His arguments revolve solely around his
knowledge of the narcotics= illegal nature and whether he exercised sufficient
control over them.